**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| NATHANIEL TIMMONS, individually and on behalf of himself and all others similar situated,<br><br>Plaintiff,<br><br>v.<br><br>LYTX, INC., a Delaware corporation and GEMINI MOTOR TRANSPORT, L.P., an Oklahoma company,<br><br>Defendants. | Case No. _____<br><br>Removal from the Circuit Court of Morgan County, Illinois<br><br>Case No.: 2021L26 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1332, 1441 and 1446, defendant Lytx, Inc. ("Lytx" or "defendant") removes to the United States District Court for the Central District of Illinois, the civil action pending against Lytx in the Circuit Court of Morgan County, Illinois. In support of removal, defendant states as follows:

1.  Plaintiff Nathaniel Timmons ("plaintiff") filed a three-count Biometric Information Privacy Act ("BIPA") putative Class Action Complaint ("Complaint") in the Circuit Court of Morgan County, Illinois, on December 29, 2021, entitled *Nathaniel Timmons, individually and on behalf of himself and all others similarly situated v. Lytx, Inc. and Gemini Motor Transport, L.P.*, Case No. 2021L26 (the "State Court Action"). Plaintiff served the Summons and Complaint on Lytx and Gemini Motor Transport, L.P. ("GMT") on January 12, 2022.

2.  Pursuant to 28 U.S.C. §1446(a), a "copy of all process, pleadings, and orders served upon ... defendants" in the State Court Action are attached hereto as Exhibit A.

3.  The Complaint alleges that GMT outfitted its 1,050 fleet of trucks with Lytx's DriveCam device which uses "dash cam footage of drivers' faces and 'machine vision and artificial

intelligence'" to "captur[e] the actions of its … drivers to monitor their fatigue and level of distraction." (Exhibit A, Compl. ¶¶1-2, 26.) Plaintiff incorrectly characterizes the device as "facial recognition technology" that "automatically performed a facial recognition of him to identify him by extracting biometric identifiers from his face again and comparing those biometric identifiers against the previously extracted and stored biometric identifiers for a match." (*Id.* ¶¶36, 48.) Defendants allegedly "captured" the drivers' "facial geometry" without first complying with Section 15(b)'s notice and consent requirement and Section 15(a)'s publicly-available retention and destruction policy. Defendants also allegedly profited from the purported scans of plaintiff's facial geometry in violation of Section 15(c). (*Id.*, ¶¶33, 37, 40-4, 43-44, 48.)

4. Removal is proper because this Court has original jurisdiction over this matter pursuant to traditional diversity jurisdiction, 28 U.S.C. §1332(a), and the jurisdictional grant created by the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d).

5. This Notice of Removal is timely filed within 30 days of the date both defendants were served on January 12, 2022. *Id.* §1446(b)(1); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (recognizing that the notice of removal clock does not run until a party has been served with the summons and complaint under applicable state law).

6. Pursuant to 28 U.S.C. §1446(b)(2)(A), GMT consents in writing to this Notice of Removal. *See* GMT's signed consent, attached as Exhibit B.

### VENUE IS PROPER

7. The Circuit Court of Morgan County, Illinois, is located within the United States District Court for the Central District of Illinois. 28 U.S.C. §93(c). This Court is the proper venue because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

**ALL REQUIREMENTS FOR TRADITIONAL DIVERSITY JURISDICTION ARE MET**

8. Pursuant to 28 U.S.C. §1332(a), this is a civil action over which this Court has original jurisdiction and therefore may be properly removed to this Court because there is complete diversity of citizenship between plaintiff and defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

*<u>Complete Diversity Exists Among The Parties</u>*

9. For diversity jurisdiction, there must be complete diversity between the parties, which means that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. §1332(a)(1). In the class action context, courts look only to the citizenship of the named parties. *See F & H.R. Farman-Farmaian Consulting Engineers Firm v. Harza Engineering Co.*, 882 F.2d 281, 284 (7th Cir. 1989) ("only the citizenship of the named plaintiffs matters for diversity purposes" in class action context).

10. The Complaint alleges plaintiff is a "resident and citizen of Jacksonville, Illinois." (Exhibit A, Compl. ¶11.)

11. The Complaint next alleges that GMT is a citizen of Oklahoma. Specifically, it pleads that "GMT is a limited partnership organized and existing under the State of Oklahoma and is headquartered in Oklahoma." (*Id.* ¶13.)

12. The Complaint also alleges that Lytx is a "corporation organized and existing under the laws of the State of Delaware and is headquartered in the State of California." (*Id.* ¶12.) Lytx is a Delaware corporation with its principal place of business in San Diego, California where it is headquartered and its executives direct, control and coordinate Lytx's activities and administration. (Declaration of Gregory Einhaus, attached as Exhibit C, ¶3.) Lytx is, therefore, a citizen of Delaware and California. *See Lincoln Property Co. v. Roch*, 546 U.S. 81, 89 (2005) ("Congress has provided simply and only that 'a corporation shall be deemed to be a citizen of any

3

State by which it has been incorporated and of the State where it has its principal place of business'"); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities…. And in practice it should normally be the place where the corporation maintains its headquarters").

13. Because plaintiff is diverse from defendants, complete diversity exists in this action.

*The Matter In Controversy Exceeds $75,000*

14. While the Complaint does not affirmatively specify the amount of damages sought, the matter in controversy requirement is satisfied because it appears that plaintiff is seeking damages in excess of $75,000, exclusive of interest and costs. Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. §1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

15. Plaintiff seeks $5,000 in statutory damages for "each intentional and/or reckless violation of BIPA." (Exhibit A, Compl. ¶¶70, 80, 91, Prayer for Relief (C).) Plaintiff alleges that GMT installed the DriveCam device in GMT's fleet in 2020, that he "worked as a driver in Illinois for GMT" through "October 2020" and that he was "required" to use it. (*Id.* ¶¶45, 47, 49.) It is plausible that plaintiff seeks to recover statutory damages for each day he drove a truck fitted with the DriveCam device in Illinois.[1] If his alleged facial geometry was purportedly scanned on only

---

[1] Lytx does not concede that the DriveCam device or GMT's use of this technology violated BIPA, or that defendants violated BIPA in any fashion.

4

16 days when he drove a truck with the DriverCam device in Illinois in 2020, plaintiff's claimed damages would exceed $75,000. ($5,000 per scan x 16 days = $80,000.) *See Peatry v. Bimbo Bakeries USA, Inc.*, 393 F. Supp. 3d 766, 769 (N.D. Ill. 2019) (Peatry's complaint "can plausibly be read to suggest that a violation of at least some of the BIPA provisions at issue allegedly occurred every time Peatry and the putative class members" used the fingerprint scanner).

16. Plaintiff's request for attorneys' fees and injunctive relief should also be factored into the matter in controversy requirement for jurisdictional purposes. (*Id.* ¶¶70, 80, 91, Prayer for Relief (E)). *See Hart v. Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001) (where state statute allowed recovery of attorney's fees, fees incurred as of the date of filing properly included in amount-in-controversy analysis); *Macken ex rel. Macken v. Jensen*, 333 F.3d 797, 799 (7th Cir. 2003) ("[i]n a suit for injunctive relief, 'the amount in controversy is measured by the value of the object of the litigation'"). Accordingly, plaintiff's request for attorneys' fees increases the matter in controversy further beyond the $75,000 threshold.

17. To be clear, Lytx does not agree that plaintiff or the putative class is entitled to a "per scan" measure of damages (or any damages) under BIPA. Lytx continues to deny the validity and merit of plaintiff's BIPA claims. But for purposes of setting forth grounds for this Court's jurisdiction, the removing party "only must establish the amount in controversy by a good faith estimate that is plausible and adequately supported by the evidence." *Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017). For removal purposes, the question is not "what damages the plaintiff will recover, but only how much is *in controversy* between the parties." *Id.* (emphasis in original).

5

### ALL REQUIREMENTS FOR CAFA DIVERSITY JURISDICTION ARE MET

18. Removal is also proper because this Court has original jurisdiction over this matter pursuant to CAFA, 28 U.S.C. §1332(d). CAFA grants district courts original jurisdiction over any putative class action in which (1) there is minimal diversity amongst the parties; (2) there are more than 100 putative class members in the aggregate; and (3) the amount in controversy exceeds $5,000,000, excluding interest and costs. *Id*. These requirements are all met.

*Plaintiff Alleged A "Class Action" Under CAFA*

19. A "class action" under CAFA includes "any civil action" that is removed to a district court of the United States that was originally filed under a "State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §1332(d)(1)(B).

20. The Complaint alleges a BIPA class action on behalf of two putative classes: (1) "All individuals who, while present in the State of Illinois, had their biometric information and/or biometric identifiers, including their face geometry, collected, captured, used, transmitted, disseminated, stored or otherwise obtained by Lytx" (the Lytx Class); and (2) "All individuals who, while present in the State of Illinois, had their biometric information and/or biometric identifiers, including their face geometry, collected, captured, used, transmitted, disseminated, stored or otherwise obtained by GMT" (the GMT Class). (Exhibit A, Compl. ¶55.) Accordingly, this action is properly considered a "class action" under CAFA.

*Minimal Diversity Exists Between The Parties*

21. "Minimal diversity" means that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2). As discussed in Paragraphs 9-11 above, the Complaint alleges that plaintiff is a citizen of Illinois, that Lytx is a citizen of Delaware and California, and that GMT is a citizen of Oklahoma. (Exhibit A, Compl. ¶¶11-13.) Lytx's

citizenship is further supported by sworn testimony. (Exhibit C, ¶3.) Thus, CAFA's minimal diversity requirement is met.

### *There Are More Than 100 Putative Class Members*

22.    Plaintiff alleges that the proposed classes exceed "hundreds of persons." (Exhibit A, Compl. ¶56.)

23.    There are at least 100 putative members in the Lytx class. (Exhibit C, ¶4.) The 100 putative class member threshold under CAFA, therefore, is met.[2] *See* 28 U.S.C. §1332(d)(5) (CAFA jurisdiction applies where "the number of members of all proposed plaintiff classes in the aggregate" is at least 100).

### *The Matter in Controversy Exceeds $5,000,000*

24.    The "matter in controversy" aggregated across the claims of the purported class members also satisfies CAFA, as it "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §1332(d)(2), (d)(6). Since plaintiff seeks $5,000 in statutory damages for each willful or reckless violation of BIPA, it is plausible that plaintiff seeks to recover statutory damages for each time his alleged facial geometry and that of each putative class member was allegedly scanned.

25.    The purported damages exceed $5,000,000 aggregated across the Lytx Class if we multiply 100 putative Lytx Class members by one scan of facial geometry per day by 11 days of driving by $5,000 per scan. (Exhibit C, ¶6.) Thus, for purposes of setting forth grounds for the Court's jurisdiction under CAFA, the "matter in controversy" aggregated across the putative Lytx Class plausibly exceeds $5,000,000. *See Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)

---

[2] The Complaint's definition of the alleged classes assume that defendants collected, captured, received, or otherwise obtained plaintiff's or the putative class members' biometrics, which Lytx expressly denies. Lytx expressly denies that defendants violated BIPA in any manner.

(removing party need only plausibly explain how the amount in controversy exceeds $5 million to establish federal jurisdiction under CAFA); *Peatry*, 393 F. Supp. 3d at 769 (the complaint "can plausibly be read to suggest" that a BIPA violation "allegedly occurred every time Peatry and the putative class members" used the fingerprint scanner at issue).

26. Plaintiff's request for attorneys' fees and injunctive relief should also be factored into the matter in controversy requirement for jurisdictional purposes. (Exhibit A, Compl., ¶¶70, 80, 91, Prayer for Relief (E).) *See Hart*, 253 F.3d at 274 (where state statute allowed recovery of attorney's fees, fees incurred as of the date of filing properly included in amount-in-controversy analysis); *Macken ex rel. Macken*, 333 F.3d at 799 ("[i]n a suit for injunctive relief, 'the amount in controversy is measured by the value of the object of the litigation'"). Accordingly, plaintiff's request for attorneys' fees increase the matter in controversy further beyond the $5,000,000 threshold.

27. Under CAFA, Lytx need only show that there is a "reasonable probability that the stakes exceed" $5,000,000. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). The amount in controversy "is a pleading requirement, not a demand for proof." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). *See also Back Doctors Ltd v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011) ("The legal standard was established by the Supreme Court in *St. Paul Mercury [Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)]: unless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court").

**RESERVATION OF RIGHTS**

28. Lytx's filing of this Notice of Removal is not intended, nor should be construed, as any type of express or implied admission of any fact, of the validity or merits of any of plaintiff's

claims and allegations, or of any liability, all of which defendant expressly denies, or as any type of express or implied waiver or limitation of any of plaintiff's rights, claims, remedies, and defenses in connection with this action, all of which are hereby expressly reserved.

29.    Under 28 U.S.C. §1446(d), Lytx will promptly give written notice of the filing of the Notice of Removal to plaintiff and will file a copy of this Notice with the Clerk of the Circuit Court for Morgan County, Illinois.

**WHEREFORE**, defendant Lytx, Inc. respectfully requests that this litigation be removed from the Circuit Court of Morgan County, Illinois, to the United States District Court for the Central District of Illinois.

Dated:   February 11, 2022               Respectfully submitted,

                                            By:  /s/ Anne E. Larson
                                                  One of the Attorneys for Defendant
                                                  **LYTX, INC.**

Anne E. Larson (ARDC No. 6200481)
**OGLETREE, DEAKINS, NASH,**
  **SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone:   312.558.1220
Facsimile:    312.807.3619
*anne.larson@ogletree.com*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on February 11, 2022, she filed the foregoing *Notice of Removal* electronically with the Clerk of Court using the ECF system, and served the *Notice of Removal* on the following via electronic mail:

Brandon M. Wise
Paul A. Lesko
Adam Florek
Peiffer Wolf Carr Kane & Conway, LLP
818 Lafayette Ave., Floor 2
St. Louis, MO 63104
*bwise@peifferwolf.com*
*plesko@peifferwolf.com*
*aflorek@peifferwolf.com*

Gary M. Klinger
Mason Lietz & Klinger LLP
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
*gklinger@masonllp.com*

Jason L. Lichtman
Sean A. Petterson
Lief Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, New York 10013
*jlichtman@lchb.com*
*spetterson@lchb.com*

***Attorneys for Plaintiff***

Brett M. Doran
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone:    312.456.8400
Facsimile:    312.456.8435
*doranb@gtlaw.com*

***Attorney for Defendant, Gemini Motor Transport, L.P.***

/s/ Anne E. Larson
One of the Attorneys for Defendant
**LYTX, INC.**