E-FILED
Friday, 11 February, 2022  04:31:58 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT A

## IN THE CIRCUIT COURT OF MORGAN COUNTY, ILLINOIS

NATHANIEL TIMMONS, individually and on
behalf of himself all others similarly situated,

      *Plaintiff,*

      v.

LYTX, INC., a Delaware corporation, and
GEMINI MOTOR TRANSPORT, L.P., an
Oklahoma company

      *Defendants.*

Case No. 2021L26

FILED
12/29/2021 10:36 AM
AMY SIPES
CLERK OF THE CIRCUIT COURT
MORGAN COUNTY, ILLINOIS

**Jury Trial Demanded**

### CLASS ACTION COMPLAINT

Plaintiff Nathaniel Timmons, individually and on behalf of all other persons similarly situated, by and through his attorneys, brings this Class Action Complaint for violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq*., against Defendants Lytx, Inc. ("Lytx") and Gemini Motor Transport, L.P. ("GMT," and collectively with Lytx, "Defendants") and alleges on personal knowledge, due investigation of his counsel, and, where indicated, on information and belief as follows:

### NATURE OF THE ACTION

1.      Lytx is a technology company that provides facial recognition software and sensors to monitor and manage drivers of commercial fleets and industrial operations. Its business model relies on identifying and capturing the actions of its customers' drivers to monitor their fatigue and level of distraction by placing a camera on them.

2.      GMP is a nationwide for-hire fuel and specialty products motor carrier headquartered in Oklahoma City, Oklahoma. It operates more than 1,050 trucks and employs approximately 1,200 drivers across the United States. It installed driver-facing Lytx cameras to monitor its employees as early as in 2020.

3.    These actions violate BIPA which forbids Defendants from collecting, storing, and using Plaintiff's and other similarly situated individuals' biometric identifiers[1] and biometric information[2] (collectively, "biometrics") without obtaining informed written consent or providing the requisite data retention and destruction policies.

4.    Plaintiff did not provide any consent, let alone informed written consent, and Defendants do not appear to provide any of BIPA's requisite public-facing data retention and destruction policies.

5.    The Illinois Legislature codified within BIPA that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

6.    To protect the public from these risks and serve the "public welfare, security, and safety," 740 ILCS 14/5(g), the Illinois Legislature enacted BIPA.

7.    Notwithstanding BIPA's straightforward requirements, Defendants disregard Plaintiff's and other similarly situated individuals' statutory rights when Defendants obtain and possess their information without informing them in writing that biometric identifiers or information will be collected or stored. *See* 740 ILCS 14/15(b).

8.    Defendants further violate Plaintiff's and other similarly situated individuals' rights

---

[1]    "Biometric identifier" means "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." 740 ILCS 14/10.
[2]    "Biometric information" is "any information regardless of how it is captured, converted, stored or shared, based on an individual's biometric identifier used to identify an individual." 740 ILCS 14/10.

when they fail to inform them in writing of the specific purpose and length of term for which they would collect, store, and use the biometric identifiers and/or biometric information obtained from Lytx's devices that were used to recognize their faces. *See id.*

9. Defendants also violate BIPA by failing, as private entities that collect biometrics, to publicly publish their written retention schedules and guidelines for permanently destroying the biometrics they collected. *See* 740 ILCS 14/15(a).

10. Finally, Defendants violate 740 ILCS 14/15(c) because when contract with one another, and when Lytx contracts with other transportation companies, they profit from being able to track Plaintiff's and similarly situated individuals' biometrics. *See* 740 ILCS 14/15(c).

## PARTIES

11. Plaintiff is, and has been at all relevant times, a resident and citizen of Jacksonville, Illinois.

12. Defendant Lytx is a corporation organized and existing under the laws of the State of Delaware and is headquartered in the State of California.

13. Defendant GMT is a limited partnership organized and existing under the laws of the State of Oklahoma and is headquartered in Oklahoma.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over Lytx pursuant to 735 ILCS 5/2-209 because Lytx transacts in Illinois. Specifically, on information and belief, Lytx contracts with trucking companies like Plaintiff's employer (GMT) to place monitoring system in their vehicles. Lytx also advertises its customer relationships with Illinois entities to whom it also provides the at-issue monitoring systems.

15. This Court has jurisdiction over GMT pursuant to 735 ILCS 5/2-209 because GMT

transacts in Illinois. Specifically, on information and belief, GMT has drivers "across the United States," including in Illinois where Plaintiff worked for GMT, according to its website.

16.    Further, the biometric collection in dispute in this action takes place from drivers within the State of Illinois.

17.    Venue is proper in this Court pursuant to 735 ILCS 5/2-101(2) because this is the county in which the transaction, or some part thereof, occurred, including that Plaintiff's biometrics were collected in this County.

## FACTUAL BACKGROUND

### I.    The Illinois Biometric Information Privacy Act.

18.    In 2008, Illinois enacted BIPA due to the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276.

19.    BIPA protects biometric identifiers, which include retina and iris scans, voiceprints, fingerprints, scans of hand geometry, and—most importantly here—scans of face geometry. *See* 740 ILCS 14/10. It also protects biometric information, which is separately defined to include any information based on an individual's biometric identifier that is used to identify an individual. *See id.*

20.    BIPA makes it unlawful for a company to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers and/or biometric information, unless it first:

> (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

(3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative."

740 ILCS 14/15 (b).

21.     Section 15(a) of BIPA also provides:

A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

22.     Section 15(c) of BIPA prohibits a private entity from "sell[ing], leas[ing], trad[ing], or otherwise profit[ing] from a person's or a customer's biometric identifier or biometric information."   740 ILCS 14/15(c).   Further, to disclose, redisclose, or otherwise disseminate biometric identifiers or biometric information, the entity must obtain the subject of the biometric identifier or biometric information's consent.   740 ILCS 14/15(d)(1).

23.     Altogether, BIPA protects individuals' biometric identifiers and biometric information by requiring private entities to follow certain prerequisites to obtain consent before they collect, send, transmit, or disclose the information.

## II.    Defendants Violate Illinois' Biometric Information Privacy Act.

### A.  Defendants' Collection of Biometric Information

24.    Defendants openly and intentionally violate BIPA.  Lytx, as part of its business model, sells to and equips commercial freight truck companies like GMT with a driver monitoring system that monitors drivers who may be exhibiting signs of distraction.

25.    In 2020, GMT, upon information and belief, installed Lytx cameras that monitored its drivers' faces in its fleet of trucks.

26.    These cameras are known as "DriveCam" and are a product that Lytx offers which combines dash cam footage of drivers' faces and "machine vision and artificial intelligence" ("MVAI") to monitor whether drivers are engaging in distracted driving.

27.    MVAI monitors drivers to "identify distraction and risk, both inside and outside of the vehicle, including cell phone use, eating or drinking, smoking, seat belt use, [and] general inattentiveness…"[3]  Lytx's application then provides voice alerts to the drivers to alert them to the perceived issue.

28.    To accurately monitor drivers to determine whether they are using their cell phones, eating or drinking, smoking, wearing their seat belt, or paying attention, the MVAI necessarily must, as a tutorial video on its website states: "see and recognize" the driver's face (the machine vision) and "interpret and decide" (the artificial intelligence) whether he or she is engaging in distracted driving.[4]

29.    In fact, Lytx states that its MVAI is "backed by a peerless database of commercial driving behaviors, representing more than 120 billion miles driven in all types of vehicles and

---

[3] https://www.lytx.com/en-us/about-us/our-technology/machine-vision-artificial-intelligence.
[4] https://www.lytx.com/en-us/about-us/our-technology/machine-vision-artificial-intelligence.

Ex. A, pg 6

road conditions—validated by professional analysts."[5]  Or, put differently, Lytx has had humans review images of drivers' faces and behaviors, fed that information into the MVAI, and taught the machine what is and is not relevant.

30.     Thereafter, upon information and belief, when drivers like Plaintiff get behind the wheel with a Lytx camera on them, the camera constantly scans their face, identifying relevant portions of the driver's face, body, arms, etc.  Using this information, coupled with its artificial intelligence, the Lytx camera is able to determine what the driver is actually doing by looking at his or her face.  It can tell whether a driver is putting food into his or her mouth, or taking a sip from a drink, or if his or her eyes are on a cellular telephone instead of the road.  Each of these actions relies on capturing the drivers' faces.

31.     Upon information and belief, the "DriveCam" transmits its footage online and Lytx provides its customers like GMT with a log-in so that they can monitor the video footage.[6]

32.     Both Lytx and GMT profit from this arrangement.  Further, Lytx uses the scans it captures of drivers' faces to continuously educate its MVAI machine about what the human faces are doing to determine what is and is not an action worth triggering an alert.

33.     In doing so, Defendants' facial recognition technology captures, collects, stores, and uses Plaintiff's and Class Members' biometric information—specifically their facial geometry.

34.     Lytx claims that it works with 4,000 clients and "1.3 million drivers across the globe," claiming that their "devices capture 1.5 billion miles of driving data each month and

---

[5] https://www.lytx.com/en-us/about-us/our-technology/machine-vision-artificial-intelligence.
[6] https://www.lytx.com/en-us/fleet-management/dash-cam?_ga=2.170096608.1999871576.1640181938-1466546759.1640181938.

100,000 risky driving events every day."[7]

### B. Defendants Do Not Have Plaintiff and Class Members' Written Consent to Collect Biometrics

35.    BIPA protects the rights of Plaintiff and all other similarly situated drivers within Illinois to know and consent to the collection and storage of biometrics, and a right to know how long such risks will persist after termination of their employment.  740 ILCS 14/15(b).

36.    Through the scanning of drivers' faces with its facial recognition technology, Defendants collected the unique, permanent biometric identifiers and exposed drivers like Plaintiff to irreversible privacy risks.  If Defendants' database of digitized facial geometry were to fall into the wrong hands, by data breach or otherwise, the individuals to whom these sensitive and immutable biometric identifiers belong could have their identities stolen, among other serious issues.

37.    Yet, Defendants never adequately informed Plaintiff or the Class of their biometric collection practices, never obtained the requisite written consent from Plaintiff or the Class regarding their biometric practices, and never provided any data retention or destruction policies to Plaintiff or the Class.

38.    GMT never provided Plaintiff with any consent form when it installed the Lytx technology in 2020.

### C. Defendants Do Not Maintain Publicly Available Retention and Destruction Guidelines

39.    Private entities like Defendants who collect, capture, store, and use biometric identifiers and biometric information are required to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric

---

[7] https://www.lytx.com/en-us/about-us/our-technology.

identifiers and biometric information…"  740 ICLS 14/15(a).

40.     Upon information and belief, GMT does not have a public written policy establishing a retention schedule and guidelines for permanent destruction of Plaintiff's and similarly situated individuals' biometric information.

41.     Further, Lytx does not have a public written policy establishing a retention schedule and guidelines for permanent destruction.  Instead, it takes the position that its MVAI does not violate BIPA because it does not collect biometric data.  But this is incorrect for all of the reasons stated above.

### D. Defendants Profit from Collecting Biometrics

42.     BIPA prohibits private entities from "sell[ing], leas[ing], trad[ing], or otherwise profit[ing] from a person's or a customer's biometric identifier or biometric information."  740 ILCS 14/15(c).

43.     Through its contracts with its transportation-industry customers, Lytx profited from obtaining Plaintiff and Class Members' biometric identifiers and biometric information. Lytx touts its business model by claiming that clients, like GMT, who use its services "can realize significant returns on investment by lowering operative and insurance costs."[8]

44.     Likewise, through its contract with Lytx, GMT profited from obtaining Plaintiff and Class Members' biometric identifiers and biometric information through, upon information and belief, the ability to lower its operative and insurance costs.

---

[8] https://www.lytx.com/en-us/about-us/our-story.

## III.    Named Plaintiff's Allegations

45.    From roughly August 2015 to October 2020, Plaintiff Timmons worked as a driver in Illinois for GMT.

46.    Plaintiff is an Illinois resident and drove his truck for GMT within Illinois, a fact that GMT and Lytx knew through its geolocation tracking of his truck.

47.    In 2020, GMT installed a Lytx Drive Cam inside its fleet of trucks, including Plaintiff's truck.  Plaintiff drove his truck as part of his employment with the Lytx Drive Cam positioned on his face.

48.    During his employment, Defendants, upon information and belief, extracted biometric identifiers from Plaintiff's face while he drove and stored them online for GMT to view. Thereafter, the Lytx Camera automatically performed a facial recognition of him to identify him by extracting biometric identifiers from his face again and comparing those biometric identifiers against the previously extracted and stored biometric identifiers for a match.

49.    GMT required Plaintiff to use Lytx's DriveCam.

50.    Plaintiff never consented, agreed or gave permission—written or otherwise—to Defendants for the collection or storage of his unique biometric identifiers or biometric information.

51.    Further, Defendants never provided Plaintiff with, nor did he ever sign, a written release allowing Defendants to collect or store his unique biometric identifiers or biometric information.

52.    Likewise, Defendants never provided Plaintiff with the requisite statutory disclosures nor an opportunity to prohibit or prevent the collection, storage, or use of his unique biometric identifiers or biometric information.

53.     By collecting Plaintiff's unique biometric identifiers or biometric information without his consent, written or otherwise, Defendants invaded Plaintiff's statutorily protected right to privacy in his biometrics and profited from obtaining his biometrics.

54.     Finally, Defendants never provided Plaintiff with a retention schedule and/or guideline for permanently destroying his biometric identifiers and biometric information.

## CLASS ALLEGATIONS

55.     **Class Definition:** Plaintiff brings this action pursuant to 735 ILCS 5/2-801 on behalf of a class of similarly situated individuals, defined as follows (the "Classes"):

> **Lytx Class:** All individuals who, while present in the State of Illinois, had their biometric information and/or biometric identifiers, including their face geometry, collected, captured, used, transmitted, disseminated, stored or otherwise obtained by Lytx.

> **GMT Class:** All individuals who, while present in the State of Illinois, had their biometric information and/or biometric identifiers, including their face geometry, collected, captured, used, transmitted, disseminated, stored or otherwise obtained by GMT.

56.     **Numerosity:** Pursuant to 735 ILCS 5/2-801(1), the number of persons within the Classes is substantial, believed to amount to hundreds of persons, particularly given the number of drivers that GMT employs and Lytx's claims that it has 4,000 customers and 1.3 million drivers across the globe.  It is, therefore, impractical to join each Class Member.  Further, the size and relatively modest value of the claims of the individual members of the Classes renders joinder impractical.  Accordingly, the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the Classes are ascertainable and identifiable from Defendants' records.

57.     **Commonality and Predominance:** Pursuant to 735 ILCS 5/2-801(2), there are well-defined common questions of fact and law that exist as to all Class Members, and that

predominate over any questions affecting only individual Class Members. These common legal
and factual questions do not vary across Class Members, and which may be determined without
reference to the individual circumstances of any individual. They, include, but are not limited to:

> (a) whether Defendants collected or otherwise obtained Plaintiff's and the
> Class Members' biometric identifiers or biometric information;
>
> (b) whether Defendants properly informed Plaintiff and Class Members that
> they collected, used, and stored their biometric identifiers or biometric
> information;
>
> (c) whether Defendants obtained a written release (as defined in 740 ILCS
> 1410) to collect, use, and store Plaintiff's and Class Members' biometric
> identifiers or biometric information;
>
> (d) whether Defendants developed a written policy, made available to the
> public, establishing a retention schedule and guidelines for permanently
> destroying biometric identifiers and biometric information when the
> initial purpose for collecting or obtaining such identifiers or information
> has been satisfied or within 3 years of their last interaction, whichever
> occurs first;
>
> (e) whether Defendants used Plaintiff's and the Class Members' biometric
> identifiers or biometric information to identify them;
>
> (f) whether Defendants sold, leased, traded, or profited from Plaintiff's and
> Class Members' biometric identifiers or biometric information; and
>
> (g) whether Defendants' violations of BIPA were committed intentionally,
> recklessly, or negligently.

58.   **Adequate Representation:** Pursuant to 735 ILCS 5/2-801(3), Plaintiff has retained
and is represented by qualified and competent counsel who are highly experienced in complex
consumer class action litigation. Plaintiff and his counsel are committed to vigorously prosecuting
this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the
interests of the Classes. Neither Plaintiff nor his counsel has any interest adverse to, or in conflict
with, the interests of the absent members of the Classes. Plaintiff has raised viable statutory claims
of the type reasonably expected to be raised by members of the Classes, and will vigorously pursue

those claims. If necessary, Plaintiff may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives to represent the Classes, additional claims as may be appropriate, or to amend the Class definitions to address any steps that Defendants took.

59. **Appropriateness:** Pursuant to 735 ILCS 5/2-801(4), a class action is the appropriate method for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class Members is impracticable. Even if every Class Member could afford to pursue individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each Class Member. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with BIPA.

**COUNT I – FOR DAMAGES AGAINST DEFENDANTS**
**VIOLATION OF 740 ILCS 14/15(a) – FAILURE TO INSTITUTE, MAINTAIN, AND ADHERE TO**
**PUBLICLY AVAILABLE RETENTION SCHEDULE**
**(ON BEHALF OF PLAINTIFF AND THE CLASSES)**
**(AGAINST LYTX AND GMT)**

60. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

61. BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention—and, importantly, deletion—policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the

company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information.  *See* 740 ILCS 14/15(a).

62.    Defendants failed to comply with these BIPA mandates.

63.    Lytx and GMT are "private entities" under BIPA.  *See* 740 ILCS 14/10.

64.    Plaintiff is an individual who had his "biometric identifiers" captured and/or collected by Defendants, as explained in detail in above.  *See* 740 ILCS 14/10.

65.    Plaintiff's biometric identifiers were used to identify Plaintiff and, therefore, constitute "biometric information" as defined by BIPA.  *See* 740 ILCS 14/10.

66.    Defendants failed to provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS 14/15(a).

67.    Upon information and belief, GMT does not have a privacy policy or other publicly available retention schedule.

68.    Further, Lytx's Privacy Policy, effective as of July 21, 2021, says that its Privacy Policy "**does not apply to the extent we process Personal Information in our role as a service provider on behalf of our clients**.  For detailed privacy information related to a Lytx client's use of Lytx website and Mobile App, please direct your inquiry to the respective client.  We are not responsible for the privacy or data security practices of our clients…."[9]

69.    Upon information and belief, Defendants lacked retention schedules and guidelines for permanently destroying Plaintiff's and Class Members' biometric data and have not and will not destroy Plaintiff's and Class Members' biometric data when the initial purpose for collecting

---

[9] https://www.lytx.com/en-us/privacy-policy (emphasis in original).

or obtaining such data has been satisfied or within three years of the individual's last interaction with the company.

70.    On behalf of himself and the Classes, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Classes by requiring Defendants to comply with BIPA's requirements for the collection, capture, storage, and use of biometric identifiers and biometric information as described herein pursuant to 740 ILCS 14/20(4); (3) liquidated damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, liquidated damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

**COUNT II – FOR DAMAGES AGAINST DEFENDANTS**
**VIOLATION OF 740 ILCS 14/15(b) – FAILURE TO OBTAIN INFORMED WRITTEN CONSENT AND RELEASE BEFORE OBTAINING BIOMETRIC IDENTIFIERS OR INFORMATION**
**(ON BEHALF OF PLAINTIFF AND THE CLASSES)**
**(AGAINST LYTX AND GMT)**

71.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

72.    BIPA requires companies to obtain informed written consent from persons before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; **and** (3) receives a written release executed by the subject of the biometric identifier or biometric information…" 740 ILCS 14/15(b) (emphasis added).

73.     Defendants failed to comply with these BIPA mandates.

74.     Lytx and GMT are "private entities" under BIPA.  *See* 740 ILCS 14/10.

75.     Plaintiff and Class Members are individuals who have had their "biometric identifiers" collected and/or captured by Defendants, as explained in detail above.  *See* 740 ILCS 14/10.

76.     Plaintiff's and Class Members' biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA.  *See* 740 ILCS 14/10.

77.     Defendants systematically and automatically collected, captured, used, and stored Plaintiff's and Class Members' biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

78.     Defendants never informed Plaintiff, and never informed any Class Member, in writing that their biometric identifiers and/or biometric information were being collected, captured, stored, and/or used, nor did Defendants inform Plaintiff and the Class in writing of the specific purpose(s) and length of term for which their biometric identifiers and/or biometric information were being collected, stored, used and disseminated as required by 740 ILCS 14/15(b)(1)-(2).

79.     By collecting, capturing, storing, and/or using Plaintiff's and Class Members' biometric identifiers and biometric information as described herein, Defendants violated Plaintiff's and Class Members' rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA.  *See* 740 ILCS 14/1, *et seq*.

80.     On behalf of himself and the Classes, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and Class Members by requiring Defendants to comply with BIPA's requirements for the collection, captures, storage, use and dissemination of biometric identifiers and biometric information as

described herein pursuant to 740 ILCS 14/20(4); (3) liquidated damages of $5,000 for each

intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative,

liquidated damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1);

and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS

14/20(3).

**COUNT III – FOR DAMAGES AGAINST DEFENDANTS**
**VIOLATION OF 740 ILCS 14/15(c) – BY PROFITING FROM PLAINTIFF'S AND CLASS MEMBERS'**
**BIOMETRIC IDENTIFIERS OR INFORMATION**
**(ON BEHALF OF PLAINTIFF AND THE CLASSES)**
**(AGAINST LYTX AND GMT)**

81.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

82.     BIPA prohibits a private entity from "sell[ing], leas[ing], trad[ing], or otherwise

profit[ing] from a person's or a customer's biometric identifier or biometric information." *See* 740

ILCS 14/15(c).

83.     Defendants fail to comply with this BIPA mandate.

84.     Lytx and GMT are "private entities" under BIPA. *See* 740 ILCS 14/10.

85.     Plaintiff is an individual who had his "biometric identifiers" captured and/or

collected by Defendants, as explained in detail in above. *See* 740 ILCS 14/10.

86.     Plaintiff's biometric identifiers were used to identify Plaintiff and, therefore,

constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

87.     Defendants possess Plaintiff and Class Members' biometric identifiers and/or

biometric information.

88.     Lytx profits from obtaining Plaintiff and Class Members' biometric identifiers

and/or biometric information because it uses its collection efforts to market and sell its products

and services to its client, like GMT.

89.     GMT profits from obtaining Plaintiff and Class Members' biometric identifiers and/or biometric information because, upon information and belief, possessing this information allows it to lower its operative and insurance costs.

90.     By profiting from Plaintiff and Class Members' biometric identifiers and/or biometric information, Defendants violated Plaintiff's and Class Members' rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA. *See* 740 ILCS 14/10(c).

91.     On behalf of himself and the Classes, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Classes by requiring Defendants to comply with BIPA's requirements for the collection, captures, storage, use and dissemination of biometric identifiers and biometric information as described herein pursuant to 740 ILCS 14/20(4); (3) liquidated damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, liquidated damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Nathaniel Timmons, on behalf of himself and the proposed Classes, respectfully requests that this Court enter an Order:

A. Certifying this case as a class action on behalf of the Classes defined above, appointing Plaintiff as representative of the Classes, and appointing his counsel as Class Counsel;

B. Declaring that Defendants' actions, as set out above, violate BIPA, 740 ILCS 14/1, *et seq*.;

C.  Awarding liquidated damages of $5,000.00 for each and every intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, liquidated damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) if the Court finds that Defendants' violations were negligent;

D.  Awarding injunctive and other equitable relief as is necessary to protect the interests of the Classes, including, *inter alia*, an Order requiring Defendants to collect, store, and use biometric identifiers and/or biometric information in compliance with BIPA;

E.  Awarding Plaintiff and Class Members their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3);

F.  Awarding Plaintiff and the Classes pre- and post-judgment interest, to the extent allowable; and

G.  Awarding such other and further relief as equity and justice may require.

## JURY TRIAL

Plaintiff demands a jury trial for all issues so triable.

Dated: December 29, 2021          Respectfully submitted,

**NATHANIEL TIMMONS**,
individually and on behalf of all others
similarly situated

By: */s/ Brandon M. Wise*
Brandon M. Wise – IL Bar #6319580
Paul A. Lesko – IL Bar # 6288806
Adam Florek – IL Bar # 6320615
**PEIFFER WOLF CARR
KANE & CONWAY, LLP**
818 Lafayette Ave., Floor 2
St. Louis, MO 63104
Ph: 314-833-4825
Email: bwise@peifferwolf.com
Email: plesko@peifferwolf.com
Email: aflorek@peifferwolf.com


s/ *Gary M. Klinger*
Gary M. Klinger (IL Bar No. 6303726)
**MASON LIETZ & KLINGER LLP**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Phone: 202-429-2290
gklinger@masonllp.com

Jason L. Lichtman (IL Bar #6290052)
Sean A. Petterson *(pro hac vice*forthcoming)
**LIEFF     CABRASER     HEIMANN     &
BERNSTEIN LLP**
250 Hudson Street, 8th Floor
New York, New York 10013
Phone:  212-355-9500
jlichtman@lchb.com
spetterson@lchb.com

*Attorneys for Plaintiff and the Proposed Classes*

 **CT Corporation**

**Service of Process Transmittal**
01/12/2022
CT Log Number 540869332

| | |
|---|---|
| **TO:** | Michael Guzman<br>Lytx, Inc.<br>9785 TOWNE CENTRE DR<br>SAN DIEGO, CA 92121-1968 |
| **RE:** | **Process Served in Delaware** |
| **FOR:** | LYTX, INC.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | NATHANIEL TIMMONS, individually and on behalf of himself all others similarly situated vs. Lytx, Inc. and Gemini Motor Transport, L.P |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 2021L26 |
| **ON WHOM PROCESS WAS SERVED:** | NRAI Services, LLC, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/12/2022 at 12:37 |
| **JURISDICTION SERVED :** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air<br><br>Image SOP<br><br>Email Notification,  Patrick Shipley  pshipley@lytx.com<br><br>Email Notification,  Michael Guzman  michael.guzman@lytx.com |
| **REGISTERED AGENT ADDRESS:** | National Registered Agents, Inc<br>1209 Orange Street<br>Wilmington, DE 19801<br>866-401-8252<br>EastTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1 / KM



## PROCESS SERVER DELIVERY DETAILS

**Date:**                      Wed, Jan 12, 2022

**Server Name:**               Rodney Samuels

| Entity Served | LYTX, INC. |
|---|---|
| Case Number | 2021L26 |
| Jurisdiction | DE |



# SERVICE



**81623134**

*MAIL TO*

**SERVE BY** 02/06/2022

**Rodney Samuels**
810 E Basin Rd #H4
New Castle, DE 19720

*SERVICE TO*
**Lytx, Inc. - Serve: National Registered
Agents c/o National Registered
Agents, REGISTERED AGENT**
1209 North Orange Street
Wilmington, DE 19801

 **DOCUMENTS**

SUMMONS; CLASS ACTION COMPLAINT; JURY DEMAND; PLAINTIFF'S MOTION FOR
CLASS CERTIFICATION AND REQUEST FOR DISCOVERY ON CERTIFICATION ISSUES

CUSTOMER **Peiffer Wolf Carr Kane & Conway, LLC**
REF **REF-9419815**
COURT **IL Circuit Court for Morgan County**
CASE# **2021L26**
TITLE **NATHANIEL TIMMONS, individually and on behal.., vs. LYTX, INC., a
Delaware corporation, and GEMI...**

**Need help?**
206-521-2967
abclegal.com



Ex. A, pg 23

01/11/2022

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| | | |
|---|---|---|
| **STATE OF ILLINOIS, CIRCUIT COURT**<br><br>Morgan **COUNTY** | **SUMMONS** | *For Court Use Only* |

| | | |
|---|---|---|
| **Instructions ▼** | | |
| Enter above the county name where the case was filed. | Nathaniel Timmons, et al. | |
| Enter your name as Plaintiff/Petitioner. | **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v. | |
| Enter the Case Number given by the Circuit Clerk. | Lytx, Inc. and Gemini Motor Transport, L.P.<br>**Defendant / Respondent**  *(First, middle, last name)* | 2021L26<br>**Case Number** |

| | |
|---|---|
| In **1**, if your lawsuit is for money, enter the amount of money you seek from the Defendant/ Respondent. | **1.**  **Information about the lawsuit:**<br>Amount claimed:   $ 50,000.00 |

**2.**  **Contact information for the Plaintiff/Petitioner:**

In **2**, enter your contact information. If more than 1 person is bringing this lawsuit, attach an *Additional Plaintiff/Petitioner Contact Information* form.

Name *(First, Middle, Last)*:  Brandon M. Wise, Attorney
Street Address, Apt #:   818 Lafayette Ave., Floor 2
City, State, ZIP:   St. Louis, MO 63104
Telephone:  (314) 833-4825
☐ See attached for additional Plaintiff/Petitioner contact information

**3.**  **Contact information for the Defendant/Respondent:**

In **3**, enter the name of the person you are suing and their address. If more than 1 person is being sued, attach an *Additional Defendant/Respondent Contact Information* form.

Name *(First, Middle, Last)*:  Lytx, Inc. Serve: National Registered Agents
Street Address, Apt #:   1209 Orange Street
City, State, ZIP:   Wilmington, DE 19801
Telephone:
☐ See attached for additional Defendant/Respondent contact information

| | |
|---|---|
| **Important Information for the person receiving this form:** | You have been sued.<br>Follow the instructions on the next page on how to appear/answer.<br>• If you do not appear/answer the court may decide the case without hearing from you and enter a judgment against you for what the plaintiff/petitioner is asking.<br>• Your written appearance/answer must be filed on time and in the proper form.<br>• Forms for a written appearance/answer are available here:<br>http://www.illinoiscourts.gov/forms/approved/default.asp<br>If you cannot afford to pay the fee for filing your appearance/answer, ask the circuit clerk for an *application for waiver of court fees*.<br>You should read all of the documents attached. |

Ex. A, pg 24

Enter the Case Number given by the Circuit Clerk: __2021L26__

| | |
|---|---|
| In **4**, the Circuit Clerk will give you the court date or appearance date, check any boxes that apply, and include the address of the court building and room where the Defendant/ Respondent must file their response. | **4.** **Instructions for person receiving this form (Defendant/Respondent):** |

To respond to this *Summons* you must:

☐ Go to court:

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____ Court Room: _____

City, State, ZIP: _____

☐ File a written *Appearance* and *Answer/Response* with the court:

On or before this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

☑ File a written *Appearance* and *Answer/Response* with the court within 30 days from the day you receive this *Summons* (listed below as the "Date of Service").

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: Morgan County Courthouse, 300 West State Street

City, State, ZIP: Jacksonville, IL 62650

| | |
|---|---|
| **STOP!** The Circuit Clerk will fill in this section. | **Witness this Date:** 1/7/2022 <br><br> **Clerk of the Court:** *Amey L. Sipes* MB |

| | |
|---|---|
| **STOP!** The officer or process server will fill in the Date of Service. | **This *Summons* must be served within 30 days of its date, listed above.** <br><br> Date of Service: _____ <br> *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant/Respondent or other person.)* |

| | |
|---|---|
| **Plaintiff/Petitioner:** | To serve this *Summons*, you must hire the sheriff (or a private process server outside of Cook County) to deliver it and your Complaint/Petition to the Defendant/Respondent. If the sheriff (or private process server outside of Cook County) tries but can't serve the *Summons*, fill out another summons and repeat this process. |

| | |
|---|---|
| **Attention:** | E-Filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp. or talk with your local circuit clerk's office. |

Ex. A, pg 25

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS, CIRCUIT COURT  Morgan_____ COUNTY | AFFIDAVIT OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|

| **Instructions** | | |
|---|---|---|
| Enter above the county name where the case was filed. | Nathaniel Timmons, et al. _____  **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the name of the person you are suing as Defendant/Respondent. | v. | |
| Enter the Case Number given by the Circuit Clerk. | Lytx, Inc. and Gemini Motor Transport, L.P. _____  **Defendant / Respondent** *(First, middle, last name)* | 2021L26 _____  **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff will fill in the form.\*\***

| **DO NOT** complete this section. The sheriff will complete it. | My name is _____ and I swear under oath |
|---|---|

*First, Middle, Last*

that I served the *Summons* and Complaint/Petition on the Defendant/Respondent

_____ **as follows:**

*First, Middle, Last*

☐ Personally on the Defendant/Respondent:

  Male: ☐  Female: ☐  Approx. Age: _____  Hair Color: _____

  Height: _____  Weight: _____

  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

  Address: _____

  City, State, ZIP: _____

☐ At the Defendant/Respondent's home:

  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

  Address: _____

  City, State, ZIP: _____

  And left it with: _____

  *First, Middle, Last*

  Male: ☐  Female: ☐  Approx. Age: _____

  and by sending a copy to this defendant in a postage-paid, sealed envelope to the

  above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____

  *First, Middle, Last*

  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

  Address: _____

  City, State, ZIP: _____

| DO NOT complete this section. The sheriff, or private process server will complete it. |
|---|

**By:**

_____

*Signature*

_____

*Print Name*

**FEES**

| By certified/registered | $ _____ |
|---|---|
| Service and Return | $ _____ |
| Miles: _____ | $ _____ |

Total    $ _____

## IN THE CIRCUIT COURT OF MORGAN COUNTY, ILLINOIS

| | |
|---|---|
| NATHANIEL TIMMONS, individually and on behalf of himself all others similarly situated, | ) )  Case No. |
| *Plaintiff,* | ) ) ) |
| v. | ) ) ) |
| LYTX, INC., a Delaware corporation, and GEMINI MOTOR TRANSPORT, L.P, an Oklahoma company | ) ) **Jury Trial Demanded** ) ) |
| *Defendants.* | ) |

### RULE 222(b) AFFIDAVIT

Pursuant to Illinois Supreme Court Rule 222(b), Plaintiff advises that this matter seeks more than $50,000.00 in damages.

Dated: December 29, 2021

Respectfully Submitted:

By: */s/ Brandon M. Wise*
Brandon M. Wise – IL Bar # 6319580
Paul A. Lesko – IL Bar # 6288806
Adam Florek – IL Bar # 6320615
**PEIFFER WOLF CARR KANE & CONWAY, LLP**
818 Lafayette Ave., Floor 2
St. Louis, MO 63104
Ph: 314-833-4825
Email: bwise@peifferwolf.com
Email: plesko@peifferwolf.com
Email: aflorek@peifferwolf.com

COUNSEL FOR THE PLAINTIFF AND THE PUTATIVE CLASS

1

## IN THE CIRCUIT COURT OF MORGAN COUNTY, ILLINOIS

NATHANIEL TIMMONS, individually and on
behalf of himself all others similarly situated,          )
                                                          )
                                                          )    Case No. 2021L26
          *Plaintiff,*                                    )
                                                          )
          v.                                              )
                                                          )
LYTX, INC., a Delaware corporation, and                   )
GEMINI MOTOR TRANSPORT, L.P., an                          )    **Jury Trial Demanded**
Oklahoma company                                          )
                                                          )
          *Defendants.*                                   )

FILED
12/29/2021 10:36 AM
AMY SIPES
CLERK OF THE CIRCUIT COURT
MORGAN COUNTY, ILLINOIS

### JURY DEMAND

Plaintiff Nathaniel Timmons hereby requests trial by jury on all issues so triable.


Dated: December 29, 2021


Respectfully Submitted:

By: */s/ Brandon M. Wise*
Brandon M. Wise – IL Bar # 6319580
Paul A. Lesko – IL Bar # 6288806
Adam Florek – IL Bar # 6320615
**PEIFFER WOLF CARR KANE & CONWAY, LLP**
818 Lafayette Ave., Floor 2
St. Louis, MO 63104
Ph: 314-833-4825
Email: bwise@peifferwolf.com
Email: plesko@peifferwolf.com
Email: aflorek@peifferwolf.com

COUNSEL FOR THE PLAINTIFF AND THE PUTATIVE CLASS

## IN THE CIRCUIT COURT OF MORGAN COUNTY, ILLINOIS

NATHANIEL TIMMONS, individually and on
behalf of himself all others similarly situated,

    *Plaintiff,*

    v.

LYTX, INC., a Delaware corporation, and
GEMINI MOTOR TRANSPORT, L.P., an
Oklahoma company

    *Defendants.*

)
)
)
)
)
)
)
)
)
)
)
)

FILED
1/7/2022 9:18 AM
AMY SIPES
CLERK OF THE CIRCUIT COURT
MORGAN COUNTY, ILLINOIS

Case No. 2021L26

**Jury Trial Demanded**

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND REQUEST FOR DISCOVERY ON CERTIFICATION ISSUES

In this case, Plaintiff Nathaniel Timmons ("Plaintiff") alleges that Defendant Lytx, Inc. and Gemini Motor Transport, L.P. ("Defendants") systematically violated the Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*. This case is well suited for class certification pursuant to 735 ILCS 5/2-801. Specifically, Plaintiff seeks to certify a class consisting of several hundred or more individuals who had their biometrics collected, captured, and/or stored by Defendants in the State of Illinois during the applicable statutory period in violation of BIPA. The question of liability is a legal question that can be answered in one fell swoop. As Plaintiff's claims and the claims of similarly-situated individuals all arise from Defendants' uniform policies and practices, they satisfy the requirement of 735 ILCS 5/2-801 and should be certified. Notably, to Plaintiff's Counsels' knowledge, the only BIPA class certification decisions issued to date have granted class certification. See, *In re Facebook Biometric Info. Privacy Litig.*, 326 F.R.D. 535 (N.D. Cal. 2018) (granting class certification) *aff'd Patel v. Facebook, Inc.*, 932 F.3d 1264 (9th Cir. 2019); and Ex. A, Mem. and Order, *Roberson v. Symphony Post Acute Care Network, et al.*, 17-L-733 (St. Clair County) (same).

Plaintiff moves for class certification to protect members of the proposed class, individuals whose proprietary and legally protected personal and private biometric data was invaded by Defendants. Plaintiff believes that the evidence and argumentation submitted with this motion are sufficient to allow the class to be certified now. However, in the event the Court (or Defendants) wishes for the parties to undertake formal discovery prior to the Court's consideration of this motion, Plaintiff requests that the Court allow Plaintiff to supplement  briefing and defer the response and reply deadlines.

## I.    RELEVANT BACKGROUND

### A.  The Biometric Information Privacy Act

Major national corporations started using Chicago and other locations in Illinois in the early 2000s to test "new [consumer] applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS 14/5(c). Given its relative infancy, an overwhelming portion of the public became wary of this then-growing, yet unregulated, technology. *See* 740 ILCS 14/5.

The Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. was enacted in 2008, arising from concerns that these experimental uses of finger-scan technologies created a "very serious need of protections for the citizens of Illinois when it comes to biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276. Under the Act, it is unlawful for a private entity to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless it first:

> (1) Informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) Informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

(3) Receives a written release executed by the subject of the biometric
identifier or biometric information."

740 ILCS 14/15(b).

Although there may be benefits with using biometrics, there are also serious risks. Biometrics, including facial scans, are unique, permanent biometric identifiers associated with each individual. These biometrics are biologically unique to the individual; once compromised, the individual has ***no*** means by which to prevent identity theft, unauthorized tracking, or other unlawful or improper use of this information. This exposes individuals to serious and irreversible privacy risks. For example, if a biometric database is hacked, breached, or otherwise exposed – as in the recent Equifax and Uber data breaches – individuals have no means to prevent the misappropriation and theft of their proprietary biometric makeup. Thus, recognizing the need to protect its citizens from harms like these, Illinois enacted BIPA specifically to regulate the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information.

### B.  Factual Allegations

Plaintiff filed this class action against Defendants on December 29, 2021, to redress Defendants' unlawful collection, use, storage, and disclosure of biometric information of Illinois citizens under BIPA. In his Class Action Complaint, Plaintiff provided allegations that Defendants have and continue to violate BIPA through the collection of their biometrics without: (1) informing individuals in writing of the specific purpose and length of term for which they would collect, store and use the biometric identifiers and or biometric information obtained from Defendants' devises that were used to recognize their faces; (2) failing as private entities that collect biometrics to publicly publish their written retention schedules and guidelines for permanently destroy the

biometrics they collected; and (3) obtaining a written release, as required by BIPA. *See* Complaint ("Compl.") at ¶¶ 7-8, 9, 61, 66, 72.

Accordingly, Defendants' practices violated BIPA. As a result of Defendants' violations, Plaintiff and similarly-situated individuals were subject to Defendants' uniform policies and practices and were victims of its scheme to unlawfully collect, store, and use individuals' biometric data in direct violation of BIPA.

Plaintiff now seeks class certification for the following similarly-situated individuals, defined as:

> **Lytx Class**: All individuals who, while present in the State of Illinois, had their biometric information and/or biometric identifiers, including their face geometry, collected, captured, used, transmitted, disseminated, stored or otherwise obtained by Lytx.

> **GMT Class**: All individuals who, while present in the State of Illinois, had their biometric information and/or biometric identifiers, including their face geometry, collected, captured, used, transmitted, disseminated, stored or otherwise obtained by GMT.

*Id*. at ¶ 51.

Given Defendants' standard practices defined above and the straightforward and common legal questions presented in this case, Plaintiff now moves for class certification. Notably, this motion is being filed shortly after the Complaint was filed and before the Defendants have responded. For the reasons discussed herein, Plaintiff's request should be granted.

## II.   STANDARD FOR CLASS CERTIFICATION

"The basic purpose of a class action is the efficiency and economy of litigation." *CE Design Ltd. v. C & T Pizza, Inc.*, 2015 IL App. (1st) 131465, ¶ 9 (Ill. App. Ct. May 8, 2015) (citing *Miner v. Gillette Co.*, 87 Ill. 2d 7, 14 (1981)). "In determining whether to certify a proposed class, the trial court accepts the allegations of the complaint as true and should err in favor of maintaining

class certification." *CE Design Ltd.*, 2015 IL App. (1st) 131465, ¶ 9 (citing *Ramirez v. Midway Moving & Storage, Inc.*, 378 Ill. App. 3d 51, 53 (2007)). Under Section 2-801 of the Code of Civil Procedure, a class may be certified if the following four requirements are met:

(1) the class is so numerous that a joinder of all members is impracticable;

(2) there are questions of fact or law common to the class that predominate over any questions affecting only individual members;

(3) the representative parties will fairly and adequately protect the interest of the class; and

(4) the class action is an appropriate method for the fair and efficient adjudication of the controversy.

*See Smith v. Illinois Cent. R.R. Co.*, 223 Ill. 2d 441, 447 (2006) (citing 735 ILCS 5/2-801). Notably, "[a] trial court has broad discretion in determining whether a proposed class meets the requirements for class certification." *CE Design Ltd.*, 2015 IL App. (1st) 131465, ¶ 9 (citing *Ramirez*, 378 Ill. App. 3d at 53). Here, the allegations and facts in this case amply demonstrate that the four certification factors are met.

## III.    ARGUMENT

Plaintiff's claims here are especially suited for class certification because Defendants treated all class members identically for the purposes of applying BIPA. All of the putative class members in this case were uniformly subjected to the same illegal and unlawful collection, storage, and use of their biometric data by Defendants throughout the class period. Plaintiff meets each of the statutory requirements for maintenance of this suit as a class action. Thus, the class action device is ideally suited and is far superior to burdening the Court with many individual lawsuits to address the same issues, undertake the same discovery, and rely on the same testimony.

A.    <u>**The Class Is So Numerous That Joinder of All Members Is Impracticable.**</u>

Numerosity is not dependent on a plaintiff setting forth a precise number of class members or a listing of their names. *See Cruz v. Unilock Chicago*, 383 Ill. App. 3d 752, 771 (2d Dist. 2008) ("Of course, plaintiffs need not demonstrate a precise figure for the class size, because a good-faith, nonspeculative estimate will suffice; rather, plaintiffs need demonstrate only that the class is sufficiently numerous to make joinder of all of the members impracticable.") (internal citations omitted); *Hayna v. Arby's, Inc.*, 99 Ill. App. 3d 700, 710-11 (1st Dist. 1981) ("It is not necessary that the class representative name the specific individuals who are possibly members of the class."). Courts in Illinois generally find numerosity when the class is comprised of at least 40 members. *See Wood River Area Dev. Corp. v. Germania Fed. Sav. Loan Ass'n*, 198 Ill. App. 3d 445, 450 (5th Dist. 1990).

In the present case, there can be no serious dispute that Plaintiff meets the numerosity requirement. The class of potential plaintiffs is sufficiently large to make joinder impracticable. As result of Defendants' violations of BIPA, Plaintiff and all similar-situated individuals were subject to Defendants' uniform policies and practices and were victims of Defendants' schemes to unlawfully collect, store and use their extremely personal and private biometric data in direct violation of BIPA. The precise number in the class cannot be determined until discovery records are obtained from Defendants. Nevertheless, class membership can be easily determined by reviewing Defendants' records. A review of Defendants' files regarding the collection, storage and use of biometric data performed during the class period is all that is needed to determine membership in Plaintiff's proposed classes. *See e.g., Chultem v. Ticor Title Ins. Co.*, 401 Ill. App. 3d 226, 233 (1st Dist. 2010) (reversing Circuit Court's denial of class certification and holding that class was certifiable over defendants' objection that "the proposed class was not ascertainable,